| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:09-CR-21(4) |
| | § | |
| TERRY LYNN STALSBY | § | |

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS

## MEMORANDUM AND ORDER

Pending before the court is Defendant Terry Lynn Stalsby ("Stalsby") *pro se* Letter Motion (#341), wherein she requests that the court re-calculate her sentence. Having considered the letter, the record, and the applicable law, the court is of the opinion that her request should be denied.

In her motion, Stalsby challenges the manner in which the Federal Bureau of Prisons ("BOP") has calculated the length of her sentence. She requests that the court direct the BOP to award her credit for her "good-time" and the months she has spent at LaSalle Correctional Facility, located in Beaumont, Texas, awaiting transfer to a BOP facility. The proper procedural vehicle for such a request is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018); *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016); *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015); *see Alzamora v. United States*, No. 1:14CV384, 2017 WL 4155099, at *3 (E.D. Tex. Sept. 19, 2017). For purposes of judicial economy, however, a motion seeking credit for time served is construed as a petition for habeas corpus relief. *See, e.g.*, *United States v. Howard*, 594 F. App'x 248, 249 (5th Cir. 2015) (noting that the Attorney General's decision in calculating a prisoner's time served is reviewable through a 28 U.S.C. § 2241 petition); *United States v. Surasky*, 61 F. App'x 120, 120 (5th Cir. Jan. 29, 2003) (analyzing motion for time to

be credited against federal sentence as habeas petition).  Accordingly, Stalsby's motion will be considered as if it were a § 2241 habeas petition.

A federal prisoner must exhaust her administrative remedies before seeking habeas corpus relief in federal court under § 2241.  *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018); *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017) (citing *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir.), *cert. denied*, 568 U.S. 993 (2012)), *cert. denied*, 138 S. Ct. 1035 (2018); *United States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010), *aff'd*, 566 U.S. 231 (2011).  This exhaustion requirement applies to Stalsby's challenge of the BOP's computation of her sentence.  *See, e.g.*, *Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020); *Falcetta*, 734 F. App'x at 287; *Rodriguez-Falcon*, 710 F. App'x at 243; *Smith v. Upton*, 477 F. App'x 289, 289 (5th Cir. 2012).  Exceptions are warranted only in "extraordinary circumstances," such as where administrative remedies are unavailable or "wholly inappropriate" or where the petitioner has demonstrated the futility of administrative review.  *Fillingham*, 867 F.3d at 535; *Gallegos-Hernandez*, 688 F.3d at 194; *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007).

Moreover, under 18 U.S.C. § 3585(b), a federal district court does not have the authority to compute the amount of credit for time served to be accorded to a defendant.  *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020); *Smith*, 950 F.3d at 288; *In re U.S. Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019); *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017).  Rather, the Attorney General, acting through the BOP, is responsible for administering the sentence and determining jail-time

credit for a defendant. *See Wilson*, 503 U.S. at 335; *Smith*, 950 F.3d at 288; *Rodriguez-Falcon*, 710 F. App'x at 243; *Hankton*, 875 F.3d at 792.

Here, it appears that Stalsby has not submitted any formal request to have her sentence computation reviewed by prison officials. Further, nothing suggests that Stalsy's circumstances are extraordinary. Accordingly, Stalsby's motion requesting that the court review the BOP's calculation of her prison credits is denied as premature. Stalsby is directed to avail herself of the administrative remedies available before seeking relief from this court. *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir.) ("Prisoners are afforded administrative review of the computation of their credits, and may seek judicial review of these computations after exhausting their administrative remedies."), *cert. denied*, 141 S. Ct. 435 (2020).

In accordance with the foregoing, Stalsby's *pro se* Letter Motion (#341) is denied.

SIGNED at Beaumont, Texas, this 26th day of May, 2021.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE